ROSNEY v. ERIE R. CO.

(Circuit Court, S. D. New York. July 27, 1903.)

1. DEATH OF SERVANT—NEGLIGENCE—BILL OF PARTICULARS—EXAMINATION BEFORE TRIAL.

Where, in an action for the death of plaintiff's intestate, the complaint contained only general and indefinite charges of acts and omissions alleged to be negligent, and on a demand for bill of particulars plaintiff answered that she had no actual information as to the several allegations in her complaint, but averred the same from the fact that there was a collision between defendant's trains, and that it was inferable from such collision that the causes alleged contributed thereto, and that the information desired was within the personal knowledge of defendant, which plaintiff had no means of obtaining, *held*, that the plaintiff, upon defendant's consent, should obtain the information pursuant to sections 870, 871 et seq., of the Code of Civil Procedure, and thereupon make her complaint more definite and certain or serve a proper bill of particulars.

Hatch & Wickes, for plaintiff.

Stetson, Jennings & Russell (W. T. Denison, of counsel), for defendant.

THOMAS, District Judge. This action is to recover damages on account of the death of the plaintiff's husband by the wrongful act of the defendant, whose servant the decedent was. The defendant moves for a bill of particulars of certain alleged acts and omissions which are charged by the plaintiff to be negligent and to have contributed to the accident. The plaintiff charges, upon information and belief, that all of the following causes contributed to the injury. The allegations are to the following effect:

Complaint, par. 9: The collision was caused by the negligence of the defendant (1) in omitting and neglecting to provide safe, adequate, and proper signals and signaling apparatus; and (2) in negligently supplying signals and signaling apparatus, unsafe, defective, and dangerous; and (3) in causing and permitting such signals and signaling apparatus to be constructed, operated, and maintained in an unsuitable, improper, unsafe, inefficient, defective, and dangerous manner, position, and condition.

Complaint, par. 10: The collision was caused by the negligence of the defendant in failing and omitting to cause proper and adequate signals to be given to the persons on said colliding trains to warn the persons on each train of the proximity of the other train and of the danger of collision.

¶ 1. Examination of party before trial, see note to O'Connell v. Reed, 5 C. C. A. 602.

Complaint, par. 11: The collision was caused by the negligence of the defendant in failing and omitting to deliver to the conductor and other persons in charge of the movement of the colliding trains instructions and orders correct, explicit, safe, clear, and adequate, but, on the contrary, issuing and delivering to such conductor and persons information, instructions, and orders incorrect, conflicting, vague, ambiguous, unsafe, inadequate, and misleading.

Complaint, par. 12: The collision was caused by the negligence of the defendant (1) in failing and omitting to construct and maintain its track in a reasonably safe and direct course, but, on the contrary, negligently maintaining a sharp curve at or near the place of collision; and (2) in failing and omitting to place its water tank at a reasonably safe and proper place, but, on the contrary, negligently maintaining at the place where said collision occurred a water tank so located that trains stopping for water would not be seen by persons upon a train approaching from Honesdale until the trains were almost together.

Complaint, par. 13: The collision was caused by the negligence of the defendant in failing and omitting to provide and maintain an adequate number of tracks, and in causing and permitting the trains to be run and operated in both directions upon the same track, and without taking reasonable care to prevent their meeting and colliding.

Complaint, par. 14: The collision was caused by the negligence of the defendant in failing and omitting to provide a safe place to work, and in failing and omitting to provide a safe system and method for the handling of trains in its yard, and for the providing and maintaining of its main tracks through its freight yard in a reasonably safe condition and free from other trains at the time of the arrival of trains upon the main line.

Complaint, par. 15: The collision was caused by the negligence of the defendant in failing and omitting to employ competent, fit, careful, and capable persons, the defendant, on the contrary, employing incompetent, unfit, careless, and incapable persons, whose unfitness for their tasks brought about the collision.

Complaint, par. 16: The collision was caused by the negligence of the defendant in failing and omitting to provide and enforce a reasonable and safe system and schedule of work for its employés, so as to guard against improperly taxing and straining their physical and nervous energies, the defendant, on the contrary, permitting and requiring its employés, including the persons responsible for the accident, to perform an improper and excessive amount of severe and long-continued labor, such as to unfit them for the performance of their duties, and as to cause the collision.

Complaint, par. 17: The accident was caused by the negligence of the defendant in failing and omitting to provide safe, adequate, and proper rules and regulations for the maintaining and operating of its railroad, and for the maintaining and operating of its trains in its yard and upon its tracks, at the place where the said accident occurred, and for controlling the movement and operation of its trains thereon, and for procuring, constructing, maintaining, and operating safe, proper, and adequate signal and signaling apparatus, and for the issuance and

delivery of explicit, clear, safe, and adequate information, instructions, and orders to the conductors and other persons in charge of the movement and operation of its trains, and for the securing and employing of fit, competent, and careful persons as employés, and for the providing of a reasonable system or schedule of hours and duties of its employés, which would not unfit them for the tasks required of them.

The plaintiff answers the demand for the bill of particulars by two contentions; First, that the plaintiff has no actual information as to the several allegations, but infers the same from the fact that there was a collision between the trains, and that it is inferable from such collision that the causes alleged contributed to it; second, that the information desired is within the personal knowledge of the defendant, and that the plaintiff has not the means of obtaining such information. This answer to the motion for the bill of particulars reveals that the plaintiff, under oath, has charged acts and omissions alleged to be negligent, of which she has no personal knowledge and of which she has no information, but which are mere inferences drawn from the fact of the collision itself. Hence the plaintiff asks that the absolutely indefinite charges should not be particularized, because the plaintiff cannot be specific, inasmuch as she has no information that would enable her to be specific. The difficulty of procuring the exact information is understood, but that does not avoid the necessity of framing charges with such reasonable particularity as will enable the defendant to know fairly what the accusations are, so that they may be answered. The plaintiff should have an opportunity to examine into the facts related to the accident, for the purpose of ascertaining as near as may be the causes contributing to the same. Hence, if the defendant desires that the charges in the complaint should be so sufficiently specific that it can prepare to meet them, it should consent to such an examination of the persons who may have probable knowledge of the accident and the conditions that attended it. It may be that such an examination could be had under sections 870, 871, et seq. of the Code of Civil Procedure. In any case, if the defendant desires that the charges be made more specific, it should consent to an examination for the purpose of eliciting the information. If the plaintiff shall take proper steps to secure such examination of witnesses, and the defendant shall consent thereto, the desired information may be obtained. If the plaintiff does not avail herself of the suggested means to obtain the necessary information, the motion for a bill of particulars, to an extent unnecessary now to decide, should be granted. If the plaintiff does move, and the defendant does not consent to such an examination, the motion for a bill of particulars will be denied. Meanwhile, awaiting the action of the parties, the decision of the present motion is reserved. The suggestion that the information is within the knowledge of the defendant cannot be accepted. Such a position proceeds upon the theory that the charge is true, and that the defendant will ascertain its truth by research, while in fact the legal presumption is that the accusations of negligence are untrue, and that the defendant could not find the information true upon research. While the rule contended for by the plaintiff might have application within narrower limits, it is inapplicable to the general and indefinite

charges involving so broad fields of operation upon the defendant's road.

Upon obtaining further evidence from such examination, the complaint may be made definite and certain by amendment, or a proper bill of particulars would give the necessary information.